# CONDE & GLASER, LLP

*Attorneys at Law*

**MEMO ENDORSED**

291 Broadway (17th Floor)
New York, New York 10007
PHONE: (212) 385-9300 • FAX: (347) 282-2296

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   5/4/18
```

May 3, 2018

The Honorable Valerie Caproni
United States District Judge
Southern District of New York
40 Foley Square, Room 240
New York, New York 10007

Re:       Relief for Defendant's Failure To Schedule Deposition Dates
Case of:  *Verdi v. City of New York, et al.*,
Docket #: 17-CV-01755

Dear Judge Caproni,

     I write in response to the letter of Ms. Courtney Fain, Assistant Corporation Counsel of the City of New York, which was written in response to my earlier letter from today that accuses me of making "unprofessional" allegations concerning her failure to schedule discovery in this matter, particularly the depositions of the parties. While she has stated correctly that we have agreed to extensions regarding filing of documents and amended pleadings in the past without issue, and that I have raised numerous questions as to the reasons she cannot even provide tentative dates for the scheduling of depositions, I find her accusations of my attempts to move discovery in this matter as equating to unprofessional conduct to be appalling. Also, it is simply and categorically untrue that Ms. Fain has indicated her willingness to proceed with depositions at any time in May, as she suggests. In our call immediately prior to contacting the court on May 1, we both agreed that depositions – specifically due to her failure to provide dates previously – would not be able to go forward prior to June. Indeed, the fact that she has already stated that the Plaintiff's deposition will not go forward on May 18, from my perspective, clearly evidences no resolve to conduct a single deposition at any time in the next several weeks.

     I simply will reiterate that the conduct of ***at least*** 6 depositions as the close of the school year approaches with at least 4 DOE employees will be an extremely difficult schedule for Ms. Fain, or for the future attorney assigned to the case (a person who still remains unknown to me) to move forward. It also places the burden on the Plaintiff – and the Plaintiff alone – to strategize on the holding of non-party depositions without a single party deposition scheduled. I still have yet to receive a reasonable explanation as to why tentative dates for depositions cannot be conducted, and why not a single potential deposition date has been provided to my office to move any depositions forward – other than the May 18 date for the Plaintiff's deposition, which Ms. Fain already has cancelled. If it is only because the assigned attorney is changing, I still remain unaware as to why Ms. Fain's office cannot coordinate scheduling.

1

However, equating my attempts to push forward with the scheduling of depositions as unprofessional when Ms. Fain has refused to provide any dates whatsoever without any reasonable explanation, from my perspective, itself evidences unprofessional conduct. I have hoped to expect more from Ms. Fain in the past.

Based on the foregoing, I once again ask for the court to schedule a conference of the parties in the within matter.

Very truly yours,

*Ezra B. Glaser*

Ezra B. Glaser, Esq.

cc:   Courtney Fain (via ECF)

The Court directs the parties to its order at Dkt. 55.

SO ORDERED.

*Valerie Caproni*   5/4/18

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

2